This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** No. 36,251

**FRANKLIN RUSSELL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennet J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant Franklin Russell appeals from his conviction for aggravated assault

with a deadly weapon, pursuant to NMSA 1978, Section 30-3-2(A) (1963). [RP 92]

Unpersuaded by Defendant's docketing statement, we entered a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition (MIO) to our notice. We remain unpersuaded and therefore affirm.

{2}     In his docketing statement, Defendant raised one issue, arguing that his conviction for aggravated assault with a deadly weapon and acquittal of simple battery are inconsistent verdicts, requiring reversal of his conviction. [DS 5] Our notice, which proposed summary affirmance, set forth the relevant facts for each issue and the law that we believed controlled.

{3}     In response, Defendant now argues that his conviction for aggravated assault with a deadly weapon and acquittal on aggravated battery with a deadly weapon are inconsistent verdicts, requiring reversal. [MIO 3] While the issue and relevant authority is the same, this is not the same assertion that Defendant made in his docketing statement. [See DS 5] Because no motion to amend was filed, it is unclear whether Defendant intended to change his argument, but it is of no significance, because the outcome would remain the same either way.

{4}     As we explained in our calendar notice, it is well settled that we will not entertain challenges to the alleged inconsistency of verdicts. *See, e.g., State v. Roper*, 2001-NMCA-093, ¶ 24, 131 N.M. 189, 34 P.3d 133 ("We have frequently said that our business is to review the verdicts of conviction, and not concern ourselves with

any alleged acquittals, and thus we do not entertain contentions alleging that the verdicts are irreconcilable."); *see also State v. Fernandez*, 1994-NMCA-056, ¶ 39, 117 N.M. 673, 875 P.2d 1104 ("[W]e review the verdict of conviction, not the verdict of acquittal."). [CN 2] As long as there is sufficient evidence to support the conviction for aggravated assault with a deadly weapon, there is no need for additional review of this issue. *Id.* Defendant has not challenged the sufficiency of the evidence in this case, and even if he had, there was ample evidence, which is described in the docketing statement, to support the conviction. [DS 2-4]

{5} Defendant's MIO does not supply any new legal or factual argument that persuades us that our analysis or proposed disposition was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, for the reasons set forth in our notice of proposed disposition and in this opinion, we affirm.

{6} **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

3

**WE CONCUR:**

 

_____

**MICHAEL E. VIGIL, Judge**

 

_____

**JULIE J. VARGAS, Judge**